**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONID KOVALCHUK,<br><br>      Petitioner,<br><br>      v.<br><br>N. MARTINEZ, et al.,<br><br>      Respondents. | Case No.: 1:26-cv-00978-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION<br><br>[Doc. 1]<br><br>[10-DAY OBJECTION DEADLINE] |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 8, 2026. (Doc. 1.)  Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE").  He claims his continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). He claims he should be immediately released.

On March 6, 2026, Respondent filed a response to the petition. (Doc. 22.) The response does not respond to Petitioner's claims. Respondents contend that Petitioner's detention is mandatory pursuant to 28 U.S.C. § 1225(b)(2)(A), but fail to address Petitioner's claim that his prolonged

1

detention is unreasonable as there is not significant likelihood of removal in the reasonably foreseeable future. Respondents also fail to provide any relevant documentation from Petitioner's alien file despite the Court's order to do so. Accordingly, the Court will operate on the assumption that Respondent concedes Petitioner's contention.

For the reasons discussed below, the Court will recommend the petition be GRANTED and Respondents be DIRECTED to release Petitioner on conditions of supervision.

## I.    BACKGROUND

Petitioner was born in the former Soviet Union. (Doc. 1 at 3.) He entered the United States as a refugee on or about May 30, 1996. (Id.) On January 25, 2017, an Immigration Judge ("IJ") ordered Petitioner's removal from the United States. (Doc. 1 at 4.) Petitioner states he is currently subject to a final order of removal. (Doc. 1 at 6.)

Petitioner states he was taken into ICE custody on or about May 20, 2025. (Doc. 1 at 9.) Since that time, Petitioner has remained in custody, and Respondents have been unable to remove him. (Doc. 1 at 4.) In fact, Petitioner states that approximately one month prior to the filing of the petition, Respondents attempted to remove Petitioner to Kazakhstan. (Doc. 1 at 4.) When he arrived in Kazakhstan by plane, he was returned to the United States after being informed by Kazakhstan that he [did] not exist there. (Id.)

## II.    DISCUSSION

A.  Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). The Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

B.  Detention Under § 1231(a)(6)

Petitioner states he is subject to a final order of removal. Once a noncitizen's order of removal becomes final, the noncitizen is subject to a 90-day period of mandatory detention referred to as the "removal period" during which the government is directed to effectuate the noncitizen's removal. Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). If the noncitizen is not removed during the removal period, § 1231(a)(6) provides that the government "may" continue to detain certain categories of noncitizens or release them under supervision. Id. (citing 8 U.S.C. § 1231(a)(6)). This statutory framework, read literally, "sets no limit on the length of time beyond the removal period than an alien who falls within one of the Section 1231(a)(6) categories may be detained." Id. at 689. However, the Supreme Court in Zadvydas found that such indefinite detention is constitutionally impermissible and "read an implicit limitation into the statute" such that a noncitizen can only remain in detention for "a period reasonably necessary to bring about the alien's removal from the United States." Id. The Supreme Court held that following the removal period, there is a six-month period in which the government's continued detention of a noncitizen is presumptively reasonable to effectuate their removal. Id. at 701. Following this presumptively reasonable period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. If the government cannot present such evidence, the noncitizen should be released. Id.

Here, Petitioner has been detained since May 25, 2025, a period of nearly 10 months. He is beyond the 90-day removal period, and beyond the additional six-month presumptively reasonable period. Petitioner contends there is no likelihood of removal in the reasonably foreseeable future. Petitioner states that the Government has attempted to remove him to Kazakhstan, but the effort failed because Kazakhstan would not accept him. When he arrived in the United States as a refugee, he did so as a citizen of the Soviet Union, which no longer exists. He alleges that because of this, removal is impossible.

As previously noted, Respondents offer no argument against Petitioner's claim. Petitioner has provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to rebut that showing.  The Court finds Petitioner's

3

continued detention is unlawful, and Respondents should be ordered to release Petitioner subject to customary conditions of supervision.

**III.    RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be GRANTED, and Respondents be DIRECTED to release Petitioner on conditions of supervision.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 10, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE