**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONID KOVALCHUK,<br><br>        Petitioner,<br><br>    v.<br><br>N. MARTINEZ, et al.,<br><br>        Respondents. | No.  1:26-cv-00978 JLT FJS (HC)<br><br>A-Number: 071-309-206<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 25)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER WITH APPROPRIATE CONDITIONS IN ACCORDANCE WITH 8 U.S.C. § 1231(a)(3) AND 8 C.F.R. § 241.5, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Leonid Kovalchuk is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 19, 2026, the assigned Magistrate Judge issued findings and recommendations to grant the petition. (Doc. 25.) The Court served the findings and recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 25.) Over 10 days passed, and no party filed objections.

On May 20, 2025, Petitioner, who has a lengthy and serious criminal history, including numerous recent arrests for violating a protective order, was arrested and detained by ICE on a final order of removal. (Doc. 24-1 at 10.) Petitioner has been in ICE custody since then, but Respondents have been unable to remove him. (Doc. 1 at 4; 24-1 at 10.) For example, on

1

November 10, 2025, Petitioner was placed on a flight departing the United States to Kazakhstan but was refused entry into Kazakhstan. (*Id*.; Doc. 1 at 4.)

On April 7, 2026, the Court requested an update from Respondents on the status of their efforts to obtain travel documents or otherwise plan for Petitioner's removal. (Doc. 27.) Respondents then filed the Declaration of a Deportation Officer, who indicates that though Respondents re-applied for travel documents to Kazakhstan on January 19, 2026, there has been no response yet. (Doc. 28-1, ¶ 6.) As an alternative, on January 20, 2026, Respondents began the process of submitting a request for third country removal to the U.S. Department of State. (*Id*., ¶ 7.) On February 5, 2026, Respondents conducted a "travel interview" with Petitioner. (*Id*.) As of the date of this Order, Respondent's third country removal request remains pending with no further updates. (*Id*.)

As the findings and recommendations explain, absent evidence that removal is reasonably foreseeable, controlling Ninth Circuit authority, including *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004), appears to <u>require</u> Petitioner's release, albeit on appropriate conditions of supervision. Despite the fact that the findings and recommendations and the April 7, 2026 order for supplemental briefing highlighted *Tuan Thai*, Respondents have not filed formal objections to the pending findings and recommendations or otherwise argued that *Tuan Thai* does not control.[1]

Therefore, according to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 19, 2026, (Doc. 25), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Within 30 days of the date of this order, Respondents are **ORDERED TO RELEASE** Petitioner subject to an order of supervision in accordance with 8

---

[1] Respondents did object to an earlier version of the findings and recommendations (*see* Doc. 23), providing for the first time details about Petitioner's lengthy criminal history. (Doc. 24 at 2.) The magistrate judge issued new findings and recommendations addressing the criminal history information but nonetheless finding that under the Ninth Circuit's ruling in *Tuan Thai*, a criminal history—even a serious one—does not obviate the normal *Zadvydas* analysis. (Doc. 25.)

U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The Court orders this delayed release so that Respondents can take steps to determine appropriate release conditions and/or hold a bond hearing as needed to determine those conditions.

4.     The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **April 30, 2026**

_____
UNITED STATES DISTRICT JUDGE